IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS

| | |
|---|---|
| Georgia Exposition Manufacturing Corporation, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 25-cv-595<br>) |
| vs. | ) **JURY TRIAL DEMANDED**<br>) |
| Exex Holding Corporation d/b/a OnlineEEI, | )<br>) |
| Defendant. | )<br>) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Georgia Exposition Manufacturing Corporation ("Georgia Expo"), for its Complaint against Defendant Exex Holding Corporation d/b/a OnlineEEI ("OnlineEEI"), states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of United States Patent No. 10,941,560 ("the '560 Patent"), entitled "Connector for Pipes," arising under the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq.*

**THE PARTIES**

2. Plaintiff Georgia Expo is a corporation organized under the laws of the State of Georgia, having a principal place of business located at 3355 Martin Farm Road, Suwanee, Georgia 30024. Georgia Expo is in the business of manufacturing and selling a wide variety of exhibition products, including pipe, drape, back wall, room partitions, room dividers, table

skirting, stage skirting, expo tables, crowd control stanchions, easels, disposable waste containers, and storage solutions.

3. Upon information and belief, Defendant OnlineEEI is a corporation organized under the laws of the State of Illinois, having a principal place of business and registered agent located at 1200 N. Independence Boulevard, Romeoville, Illinois 60446.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

5. This Court has personal jurisdiction over OnlineEEI because it is an Illinois corporation having a principal place of business in this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1400(b) because OnlineEEI resides in this District, has committed acts of infringement in this District, and has a regular and established place of business in this District.

## BACKGROUND

7. On March 9, 2021, the United States Patent and Trademark Office duly and legally issued the '560 Patent, entitled "Connector for Pipes," to Philip DiTrolio after a full and fair examination of U.S. Patent Application Serial Number 15/727,695 ("the '695 Application"). A true and correct copy of the '560 Patent is attached as Exhibit A. The claims of the '560 Patent are directed toward couplers for drape rods of the type typically found in exhibit booths. The claims of the '560 Patent carry a presumption of validity under 35 U.S.C. § 282(a) and are enforceable.

8. On January 3, 2025, DiTrolio assigned all right, title, and interest in the '560 Patent to Georgia Expo, and such assignment has been duly recorded at the United States Patent and Trademark Office. Georgia Expo is the owner of the entire right, title and interest in the '560 Patent by assignment, and possesses the right to sue for and obtain equitable relief and damages for infringement.

9. OnlineEEI is making, using, selling, and offering for sale in the United States, and/or importing into the United States "Flat Top" connectors ("the Accused Product") as shown at the following link: https://www.amazon.com/OnlineEEI-Sturdy-Backdrop-Height-8-10FT/dp/B0D1ZVYJQ1?ref_=ast_sto_dp.






## COUNT I

## INFRINGEMENT OF THE '560 PATENT

10. Georgia Expo incorporates by reference the above paragraphs as if restated herein.

11. OnlineEEI has directly infringed and continues to directly infringe the '560 Patent by making, using, selling, and offering for sale in the United States, and/or importing into the United States the Accused Product, embodying the invention defined by one or claims of the '560 Patent, without authority or license from Georgia Expo. More particularly, upon information and belief, OnlineEEI has infringed and continues to infringe at least Claim 1 of the '560 Patent because the Accused Product includes every limitation of Claim 1.

12. Claim 1 of the '560 Patent reads as follows:

1. A coupler configured to couple to tubular members, including a vertical support pipe and at least one horizontally extending drape rod having a terminal connector, comprising a lower region sized to be received within a vertical support pipe and a second region having a greater transverse dimension than said lower region such that a shoulder is formed at the junction of said lower region and said second region, wherein an upwardly opening well is formed with said coupler, said second region defining at least one truncated V-shaped slot configured to receive a coupling hook, wherein each vertical side of the truncated V-shaped slot comprises flat surfaces facing toward a center of the truncated V-shaped slot, the flat surfaces being tapered such that the flat surfaces are wider at the bottom than at the top, and a horizontal,

rectangular, upward facing seat of a bottom portion of the at least one truncated V shaped slot.

13. The Accused Product includes "[a] coupler configured to couple to tubular members, including a vertical support pipe and at least one horizontally extending drape rod having a terminal connector" as recited in claim 1 of the '560 Patent.



14. The Accused Product includes "a lower region sized to be received within a vertical support pipe" as recited in claim 1 of the '560 Patent. In the image below, the bottom portion of the coupler is inserted into the vertical support pipe.



15. The Accused Product includes "a second region having a greater transverse dimension than said lower region such that a shoulder is formed at the junction of said lower region

and said second region" as recited in claim 1 of the '560 Patent. In the image below, the upper portion of the coupler is flush with the vertical support pipe indicating that the upper portion has a greater transverse dimension than the bottom portion and that a shoulder is formed at the junction of the upper portion and lower portion of the coupler.



16. The Accused Product includes "an upwardly opening well … within said coupler" as recited in claim 1 of the '560 Patent.



17. The Accused Product includes "said second region defining at least one truncated V-shaped slot configured to receive a coupling hook" as recited in claim 1 of the '560 Patent.



18. The Accused Product includes "each vertical side of the truncated V-shaped slot compris[ing] flat surfaces facing toward a center of the truncated V-shaped slot" as recited in claim 1 of the '560 Patent.



19. The Accused Product includes "the flat surfaces being tapered such that the flat surfaces are wider at the bottom than at the top" as recited in claim 1 of the '560 Patent.



20. The Accused Product includes "a horizontal, rectangular, upward facing seat of a bottom portion of the at least one truncated V shaped slot" as recited in claim 1 of the '560 Patent.



21. Georgia Expo has complied with the marking and notice requirements of 35 U.S.C. § 287. In addition to properly marking its own products, Georgia Expo sent OnlineEEI a letter on October 23, 2024, that attached the '560 Patent and detailed OnlineEEI's infringement. A reasonable opportunity for discovery will likely provide additional evidentiary support for the fact that OnlineEEI had knowledge of the '560 Patent prior to the filing of this action.

22. Georgia Expo has suffered harm, including irreparable harm, because of OnlineEEI's infringement. Georgia Expo is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining OnlineEEI from infringing the '560 Patent.

23. By reason of OnlineEEI's infringement, Georgia Expo is suffering and will continue to suffer substantial damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Georgia Expo prays for relief as follows:

1. A judgment that OnlineEEI has infringed one or more claims of the '560 Patent;

2. A judgment awarding Georgia Expo damages in an amount to be determined at trial, but not less than a reasonable royalty;

3. An order preliminarily and permanently restraining and enjoining OnlineEEI, its officers, agents, attorneys and employees, and those acting in privity or concert with OnlineEEI, from infringing the '560 Patent;

4. A judgment awarding Georgia Expo its costs incurred herein, including, upon a finding of this case being "exceptional," attorneys' fees pursuant to 35 U.S.C. § 285; and

5. A judgment awarding Georgia Expo such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Georgia Expo hereby demands a jury trial as to all issues so triable.

Dated: January 17, 2025

                                                                                                       Respectfully submitted,

                                                                                                    */s/Kenneth A. Nazarian*
                                                                                                     LOCAL COUNSEL

OF COUNSEL:

John L. North (*pro hac vice forthcoming*)
Peter M. Jones (*pro hac vice forthcoming*)

                                            James A. Karamanis (ARDC #6203479)
                                            Kenneth A. Nazarian (ARDC # 6309765)
                                            Barney & Karamanis, LLP

| | |
|---|---|
| TAYLOR ENGLISH DUMA LLP<br>1600 Parkwood Circle, Suite 200<br>Atlanta, GA 30339<br>jnorth@taylorenglish.com<br>pmjones@taylorenglish.com | 180 N. Stetson, Ste 3050<br>Chicago, Illinois 60601<br>Tel.:  312/553-5300<br>james@bkchicagolaw.com<br>ken@bkchicagolaw.com<br>Attorneys for Plaintiff<br>Georgia Exposition Manufacturing Corporation |

{02922805-1 }

- 10 -